UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

KIRK OLIVER,

    Petitioner,

v.                                      Case No: 6:18-cv-312-Orl-28DCI

SECRETARY, DEPARTMENT OF
CORRECTIONS and ATTORNEY
GENERAL, STATE OF FLORIDA,

    Respondents.
_____/

## ORDER

Petitioner Kirk Oliver filed an Amended Petition for Writ of Habeas Corpus ("Amended Petition," Doc. 9) pursuant to 28 U.S.C. § 2254.[1] Because Petitioner is no longer in the custody of the State of Florida, he is not eligible for relief under 28 U.S.C. § 2254. Thus, the Amended Petition must be denied.

### I. PROCEDURAL BACKGROUND

On June 5, 1998, Petitioner was adjudicated guilty of organized fraud and sentenced to imprisonment for a term of three years, followed by probation for a term of twenty years. (Doc. 16-5 at 126-32). The sentence was an upward departure based on

---

[1] Respondents filed a Response to Petition ("Response," Doc. 13), a Supplemental Response to Petition ("Supplemental Response," Doc. 26), and a Second Supplemental Response to Petition ("Second Supplemental Response," Doc. 28) in compliance with this Court's instructions. Petitioner filed a Reply (Doc. 18), a Supplemental Reply (Doc. 19), a Second Supplemental Reply (Doc. 24), a Third Supplemental Reply (Doc. 28), and Fourth Supplemental Reply (Doc. 30) to the Responses.

several aggravating circumstances. (*Id.* at 125). A restitution order was entered on the same date and totaled over $233,000 payable to nine different victims. (*Id.* at 117-18). Petitioner agreed to the amount of restitution ordered. (Doc. 16-5 at 223-25). Petitioner filed a direct appeal with Florida's Fifth District Court of Appeal ("Fifth DCA"). The Fifth DCA affirmed *per curiam*. (Doc. 16-7 at 42).

Petitioner next filed a motion for postconviction relief pursuant to Florida Rule of Criminal Procedure 3.850, which the trial court denied. (*Id.* at 16-7 at 54-72). Petitioner appealed the denial, and the Fifth DCA affirmed the denial *per curiam*. (*Id.* at 181).

After Petitioner was released from prison, he began serving probation and was later found to be in violation of probation for failing to pay restitution. (*Id.* at 207, 269). On August 18, 2003, the trial court reinstated the probation and increased the restitution to $400 per month. (*Id.* at 269). The Fifth DCA affirmed and found that it was within the trial court's discretion to increase the restitution payments. (*Id.* at 303-04).

Petitioner then petitioned the Fifth DCA for writ of habeas corpus. The Fifth DCA denied the petition. (*Id.* at 317-33). Thereafter, Petitioner filed several other motions and petitions that were denied, and the denials were affirmed on appeal.

The state trial court later found Petitioner to again be in violation of probation. (Doc. 16-8 at 408). On October 22, 2012, the trial court reinstated probation and extended it until January 31, 2028, ordered a five-year suspended sentence if no violation occurred, and increased the restitution amount to $786 per month. (*Id.* at 427-28, 440-46). The Fifth

DCA affirmed *per curiam*. (*Id.* at 563). Afterwards, Petitioner filed several other motions and petitions that were denied, and the denials were affirmed on appeal.

The state trial court found Petitioner to be in violation of probation a third time. (Doc. 16-10 at 409). On January 4, 2017, the trial court revoked probation, ordered all restitution to be reduced to a judgment, and sentenced Petitioner to imprisonment for a term of five years. (*Id.* at 409-10; Doc. 16-11 at 2-7). The Fifth DCA affirmed *per curiam*. (Doc. 16-11 at 248). On January 13, 2017, during the pendency of the appeal, Petitioner filed a motion to correct illegal sentence pursuant to Florida Rule of Criminal Procedure 3.800(b), which the trial court denied. (*Id.* at 16-29, 136-40).

Petitioner was released from incarceration on April 4, 2018.

## II. LEGAL STANDARD

Pursuant to the AEDPA, federal habeas relief may not be granted with respect to a claim adjudicated on the merits in state court unless the adjudication of the claim:

(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or

(2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d). The phrase "clearly established Federal law," encompasses only the holdings of the United States Supreme Court "as of the time of the relevant state-court decision." *Williams v. Taylor*, 529 U.S. 362, 412 (2000).

"[S]ection 2254(d)(1) provides two separate bases for reviewing state court decisions; the 'contrary to' and 'unreasonable application' clauses articulate independent considerations a federal court must consider." *Maharaj v. Sec'y for Dep't. of Corr.*, 432 F.3d 1292, 1308 (11th Cir. 2005). The meaning of the clauses was discussed by the Eleventh Circuit Court of Appeals in *Parker v. Head*, 244 F.3d 831, 835 (11th Cir. 2001), citing to *Williams*:

> Under the "contrary to" clause, a federal court may grant the writ if the state court arrives at a conclusion opposite to that reached by this Court on a question of law or if the state court decides a case differently than this Court has on a set of materially indistinguishable facts. Under the "unreasonable application" clause, a federal habeas court may grant the writ if the state court identifies the correct governing legal principle from this Court's decisions but unreasonably applies that principle to the facts of the prisoner's case.

*Williams*, 529 U.S. at 412-13. Even if the federal court concludes that the state court applied federal law incorrectly, habeas relief is appropriate only if that application was "objectively unreasonable."[2] *Parker*, 244 F.3d at 835.

Finally, under § 2254(d)(2), a federal court may grant a writ of habeas corpus if the state court's decision "was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." A determination of a factual

---

[2] In considering the "unreasonable application" inquiry, the Court must determine "whether the state court's application of clearly established federal law was objectively unreasonable." *Williams*, 529 U.S. at 409. Whether a state court's decision was an unreasonable application of law must be assessed in light of the record before the state court. *Holland v. Jackson*, 542 U.S. 649, 652 (2004) (*per curiam*); *cf. Bell v. Cone*, 535 U.S. 685, 697 n. 4 (2002) (declining to consider evidence not presented to state court in determining whether its decision was contrary to federal law).

4

issue made by a state court, however, shall be presumed correct, and the habeas petitioner "shall have the burden of rebutting the presumption of correctness by clear and convincing evidence." *Parker*, 244 F.3d at 835-36; 28 U.S.C. § 2254(e)(1).

### III. ANALYSIS

#### A. Claims One through Four and Six

Petitioner alleges as follows: (1) the sentence entered on January 4, 2017, was aggravated based on factors that had never been submitted to a jury in violation of *Apprendi v. New Jersey*, 530 U.S. 466 (2000) (Claim One); (2) "it was a violation of double jeopardy for the trial court to aggravate the sentence imposed in 2017 at violation of probation [sic] for the very same factors utilized to aggravate the underlying sentence imposed in 1998" (Claim Two); (3) "the elements used to aggravate the sentence imposed in 2017 were elements inherent in the underlying offense of organized fraud, further implicating jeopardy" (Claim Three); (4) "the written orders provided the day after sentencing provided an additional basis for aggravating the underlying sentence which had not been pronounced at the sentencing hearing, further implicating jeopardy" (Claim Four); and (5) by the time of his 2017 sentencing, he had already served more time than legally permitted (Claim Six). (Doc. 9 at 5-10, 23).

The federal habeas statutes give the court jurisdiction to "entertain an application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is *in custody* in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a) (emphasis added). A habeas

5

petitioner who has been released from custody subsequent to his filing a section 2254 petition must establish that his petition still presents a case or controversy under Article III, Section 2, of the United States Constitution and therefore is not moot. *Mattern v. Sec'y, Dep't of Corr.*, 494 F.3d 1282, 1285 (11th Cir. 2007).

Although Petitioner was in custody when he filed the Amended Petition, he is no longer in the custody of the State of Florida. He has served his sentence in full, and he suffers no present restraint from his conviction as no parole, probation, or supervised release was imposed to follow his completed sentence. Petitioner has not alleged, or otherwise demonstrated, that any collateral consequences of the revocation of probation exist. *Spencer v. Kemna*, 523 U.S. 1, 7 (1998) (a petitioner challenging the revocation of his parole must demonstrate some concrete and continuing injury other than the now-ended parole in order to satisfy the case-or-controversy requirement; collateral consequences to the revocation of parole are not presumed). Consequently, Clams One, Two, Three, Four, and Six are denied.[3]

---

[3] Further, the Court expresses no opinion on the state trial court's interpretation of Florida law, and it would be inappropriate to conduct an examination of Florida sentencing law. "A state's interpretation of its own laws or rules provides no basis for federal habeas corpus relief, since no question of a constitutional nature is involved." *Carrizales v. Wainwright*, 699 F.2d 1053, 1055 (11th Cir. 1983). "This limitation on federal habeas review is of equal force when a petition, which actually involves state law issues, is 'couched in terms of equal protection and due process.'" *Branan v. Booth*, 861 F.2d 1507, 1508 (11th Cir. 1988) (quoting *Willeford v. Estelle*, 538 F.2d 1194, 1196-98 (5th Cir. 1976)). Since Claims One, Two, Three, Four, and Six appear to be based exclusively on state law issues that are merely "couched in terms of equal protection and due process," they are denied on that basis as well. *Willeford*, 538 F.2d at 1198.

B.  Claim Five

Petitioner argues that the imposition of the restitution liens at his 2017 sentencing hearing violated *ex post facto* provisions because the amendments to § 775.089(5), Florida Statutes were enacted on October 1, 1993, which was after his offense date of April 20, 1993. (Doc. 9 at 22-23).

This claim is without merit. "A civil remedy that does not constitute criminal punishment does not violate ex post facto prohibitions." *Ridgeway v. State*, 892 So. 2d 538, 540 (Fla. 1st DCA 2005). "Monetary penalties have not been equated to criminal punishment." *Id.* Moreover, the Court lacks jurisdiction to consider Petitioner's "restitution arguments because a restitution payment is not the sort of significant restraint on liberty contemplated by 28 U.S.C. § 2254(a)." *Frye v. Medina*, 660 F. App'x 634, 636 (10th Cir. 2016). Consequently, Claim Five is denied.

Allegations not specifically addressed herein are without merit.

IV.  CERTIFICATE OF APPEALABILITY

This Court should grant an application for a certificate of appealability only if the petitioner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To make such a showing "[t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *see also Lamarca v. Sec'y, Dep't of Corr.*, 568 F.3d 929, 934 (11th Cir. 2009). However, the petitioner need not show that the appeal will succeed. *Miller-El v. Cockrell*, 537 U.S. 322, 337 (2003).

7

Petitioner fails to demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong. Moreover, Petitioner cannot show that jurists of reason would find this Court's procedural rulings debatable. Petitioner fails to make a substantial showing of the denial of a constitutional right. Thus, the Court will deny Petitioner a certificate of appealability.

V.     CONCLUSION

Accordingly, it is **ORDERED** and **ADJUDGED** as follows:

1. The Amended Petition for Writ of Habeas Corpus (Doc. 9) is **DENIED**.

2. This case is **DISMISSED with prejudice**.

3. Petitioner is **DENIED** a certificate of appealability in this case.

4. The Clerk of the Court is directed to enter judgment in favor of Respondents and to close this case.

**DONE** and **ORDERED** in Orlando, Florida on March 18, 2020.

JOHN ANTOON II
UNITED STATES DISTRICT JUDGE

Copies furnished to:
Counsel of Record
Unrepresented Party